# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**AARON CHENEVERT**
  *Plaintiff*

**CIVIL ACTION NUMBER:**

**PSC GROUP, LLC, STOLTHAVEN
NEW ORLEANS, LLC AND
STOLT-NIELSEN USA, INC.**
  *Defendants*

**JUDGE** _____

**MAGISTRATE JUDGE**

## NOTICE OF REMOVAL AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes PSC GROUP, LLC (hereinafter from time to time referred to as "PSC" or "defendant"), who hereby files this notice of removal of the above captioned action to the United States District Court for the Middle District of Louisiana from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, where said action is now pending, as provided by Title 28 U.S.C. § 1441, et seq., and respectfully shows the following:

1.

That on February 23, 2026, Plaintiff, Aaron Chenevert, an individual of the full age of majority domiciled in St. Bernard Parish, filed in the 19th Judicial District Court for the Parish of East Baton Rouge Parish, State of Louisiana a petition for damages bearing docket number 774,568, Section "22," seeking to recover damages for burn injuries sustained on or about February 24, 2025, as the result of an occupational accident which occurred at a bulk liquid storage facility in Braithwaite, Louisiana ("Facility") owned and operated by Stolthaven New Orleans, LLC. Despite previously filing and litigating a suit for the same incident, Plaintiff brought the present suit in which he now asserts the applicability of the Federal Employers' Liability Act ("FELA"),

45 U.S.C. § 51, *et seq.* and named PSC Group, LLC; Stolthaven New Orleans LLC; and Stolt-Nielsen USA, Inc. as defendants.[1]

2.

Defendant, PSC GROUP, LLC, was provided a copy of plaintiff's petition and citation, at the earliest, on or about March 9, 2026, as evidenced by the attached pleadings and citation.  This was defendant's first official notice of the lawsuit having been filed and properly served.  *See Chenevert II*, with attached Citation, Notice, and Petition attached hereto as Exhibit "A."

3.

The action described above is a civil action of which this court has original jurisdiction under the provisions of Title 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, and wherein the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4.

PSC GROUP, LLC ("PSC") is a Delaware limited liability company.  The citizenship of a limited liability company is determined by the citizenship of all of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  PSC Group, LLC has only one member, PSC Parent, Inc., which is incorporated under the laws of the State of Delaware and has its principal place of business at 5025 Preston Ave., Pasadena, Texas 77505.  Therefore, the domicile of PSC Group, LLC is identical to PSC Parent, Inc., which is considered to be a Citizen of the State of Delaware and Texas for diversity purposes.

. . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . .

---

[1] *Chenevert v. Stolthaven New Orleans, LLC and Stolt-Nielsen USA, Inc.*, 25-CV-1057 United States District Court Eastern District of Louisiana (J. Long).

5.

Defendant, STOLTHAVEN NEW ORLEANS, LLC ("Stolthaven"), is a Louisiana limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Stolthaven New Orleans LLC has only one member, Stolt-Nielsen USA, Inc. Therefore, the domicile of Stolthaven New Orleans LLC is identical to that of Stolt-Nielsen USA, Inc. for purposes of determining federal diversity jurisdiction.[2]

6.

Defendant, STOLT-NIELSEN USA, INC. ("Stolt-Nielsen"), is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business located at 15635 Jacintoport Blvd. in Houston, Texas. The activities of Stolt-Nielsen USA Inc. are directed, controlled and coordinated through the Houston, Texas office. Thus, Stolt-Nielsen USA, Inc. and Stolthaven New Orleans, LLC are considered citizens of Delaware and Texas.[3]

7.

The plaintiff, Aaron Chenevert, is a domiciliary of the full age of majority of St. Bernard Parish, State of Louisiana; therefore, he is a citizen of the State of Louisiana for diversity purposes.

. . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . .

[2] The Citizenship of Stolthaven New Orleans, LLC was addressed in detail in its Removal Pleadings filed with reference to *Chenevert I* and is attached hereto as Exhibit "B." *See also* Consent to Removal confirming these facts, which is attached hereto as Exhibit "C."
[3] *Id.*

8.

The amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs.[4]  Plaintiff seeks to recover damages for burn injuries sustained on or about February 24, 2025, while he was performing work at or near the Facility.[5]  Plaintiff alleges he was tasked with clearing a blockage in a pump sump located within a drain in the Facility's rail yard.  During that process, Plaintiff asserts he accidentally stepped into the drain causing him to suffer severe, excruciating, and permanently disfiguring burns to his foot, ankle, and leg.  Plaintiff maintains the accident is attributable to the fault of the Defendants.[6]  Despite invoking FELA in the present suit, Plaintiff continues to receive workers compensation benefits pursuant to Louisiana law, payment and acceptance of which is a tacit acknowledgement that he is not a railroad worker.[7]

9.

Plaintiff claims that his cause of action arises out of the Federal Employers Liability Act ("FELA").  A FELA claim is created by statute, namely 45 U.S.C. § 51.  It applies to every common carrier by railroad while engaging in commerce between any of several states. *Lone Star Steel Company v. McGee*, 380 F.2d 640 (5th Cir. 1967).  Typically, a FELA claim filed in state court cannot be removed to a federal court as federal and state courts have concurrent jurisdiction. 45 U.S.C. § 56; 28 U.S.C § 1445(a). [8]

---

[4] *See* plaintiff's Petition for Damages attached hereto as Exhibit "A" at ¶ 12, *Chenevert II*.  As in his first filed lawsuit, Plaintiff alleges burn injuries to his body necessitating intensive treatments along with permanent scarring.  These are identical injuries outlined in Plaintiff's first filed lawsuit, *Chenevert I*, currently pending in the Eastern District of Louisiana, having been properly removed to that Court on May 28, 2025.  The Notice of Removal of *Chenevert I* filed by Stolt-Nielsen USA, Inc. and Stolthaven New Orleans, LLC is attached hereto as Exhibit "B."  Plaintiff never challenged the removal of the first filed suit, which remains pending in the Eastern District of Louisiana.

[5] *See* plaintiff's Petition for Damages, *Chenevert II*, attached hereto as Exhibit "A" at ¶ 1.

[6] *Id.* ¶¶ 12-13.

[7] PSC Group, LLC's workers' compensation carrier has paid Aaron Chenevert $140,171.00 in medical expenses and $53,235.00 in indemnity benefits for lost wages as of April 5, 2026.  See Exhibit "D."

[8] This same legal premise applies to Jones Act cases with respect to seamen.  *See Lirette v. Sperry Son, Inc.*, 820 F.2d 116, 117-18 (5th Cir. 1987).

10.

However, none of the defendants qualify as common carriers under Federal Law and, thus, the FELA claims have been improperly joined for the sole purpose of preventing removal.[9] "Courts use a 'summary-judgment like procedure for disposing of fraudulent joinder claims.'" *Landry v. Delta Well Surveyors*, No. 96-3805, 1997 WL 191511, at *2 (E.D. La. Apr. 16, 1997) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). "To prove fraudulent pleading, '[t]he removing party must show that there is no possibility that plaintiff would be able to establish a cause of action.'" *Id.* (citing *Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995)). The Court may deny remand if there is "no reasonable basis for predicting that the plaintiff might establish liability." *Burchett*, 48 F.3d at 175 (quoting *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981)).[10]

11.

PSC Group, LLC, Stolthaven New Orleans, LLC, and Stolt-Nielsen USA, Inc. are not railroad companies or common carriers by railroad. The term "common carrier by railroad" has been defined to mean "one who operates a railroad as a means of carrying for the public—that is to say, a railroad company acting as a common carrier." *Edwards v. Pacific Freight Express Company*, 390 U.S. 538, 540 (1968). *See also, Lone Star Steel Co. v. McGee*, 380 F.2d. 640, 643 (5th Cir. 1967) and *Wells Fargo & Company v. Tyler*, 254 U.S. 175, 187, 41 S. Ct. 93, 65 L. Ed. 205, 213 (1920). "The distinctive characteristic of a common carrier is that he undertakes to carry for all people indifferently, and hence is regarded in some respects as a public servant [sic]."

---

[9] *See Hardy v. Savage Transportation Management, Inc.*, 2022 WL 3336487 (M.D. La. 5/16/22).

[10] Defendant recognizes the United States Supreme Court recently addressed the issue of improper joinder of a party relative to a removal based solely on diversity. *Hain* is distinguishable as the present case concerns the improper joinder of a legal claim subject to concurrent state and federal jurisdiction. *Cf. Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. ---, 146 S.Ct. 724 (2026).

*Kieronski v. Wyandotte Terminal Railroad Company*, 806 F.2d 107, 108 (6th Cir. 1986), *Willard v. Fairfield S. Co.*, 472 F.3d 817, 821 (11th Cir. 2006), and *Lone Star*, at 643.

12.

Plaintiff has the burden of proving that FELA applies to the Defendants. *Rabb v. East Camden and Highland Railroad*, 2009 WL 960105 (W.D. LA., April 8, 2009). *See also, Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) and *Mickler v. Ninishillen and Tuscarawas Railway Company*, 13 F.3d 184. 189 (6th Cir. 1993). Industries operating in plant rail facilities for their own benefit, and that do not offer transportation to the public for a fee, are not considered common carriers. *Willard*, at 822 (where an industry maintains an intra-plant railroad system, such rail operations will be regarded as plant facilities rather than those of a common carrier); *Iverson v. Southern Minnesota Beet Sugar Cooperative*, 62 F.3d 259, 264 (8th Cir. 1995) (plant operator was not a common carrier under FELA where it did not perform direct rail services for other industries); *Sullivan v. Scoular Grain Company*, 930 F.2d 798, 800 (10th Cir. 1991) (defendants were not common carriers subject to FELA where they did not operate a railroad that carried for the public); *Huntley v. Bayer MaterialScience, L.L.C.*, 452 Fed.Appx.453 (5th Cir. 2011) (recognizing that a company that maintains a "plant facility," i.e., "a complicated intra-plant railroad system" by which the company moves its own goods and does not offer the railroad's use to the public, is not a common carrier and further recognizing the distinction between a 'private carrier' and a 'common carrier'); *Lone Star*, at 644 (movement of freight within a plant is not common carriage, but rather industrial plant usage); and *Johnson v. Turner Marine Bulk, Inc.*, 621 So.2d 13 (La. App. 4 Cir. 1993) (recognizing whether an individual's activities were connected with interstate commerce is not a proper FELA inquiry).

13.

There is no dispute that PSC Group, LLC employed Aaron Chenevert. Pursuant to a written Services Agreement ("MSA") with Stolthaven New Orleans, LLC, PSC agreed to furnish qualified personnel to perform various services at the Facility. The MSA contains a statutory employment provision which expressly states that Stolthaven shall be considered the statutory employer of PSC's employees. Plaintiff does not dispute that he is a statutory employee of Stolthaven.[11] Stolt-Nielsen is the sole member of Stolthaven and has no independent liability, however, it stands in the same shoes as Stolthaven, thus, all defendants are legally in the same position vis-à-vis the plaintiff.[12]

14.

Pursuant to the MSA, PSC Group, LLC provided employees to be utilized in the onsite operations of the Facility.[13] At its Facility, Stolthaven provides a range of services to its customers, including the storage and handling of bulk chemicals, petroleum products, fuels, oils, and feed stocks.[14] To support the receipt and distribution of these products, the Facility operates its own bulk liquid storage facility and rail cars are utilized to load and unload from the storage units. Stolthaven's rail operations are solely for the benefit of its business and property. Stolthaven does not operate a railroad for any purpose related to the carriage of cargo for the public, or the carriage

---

[11] *See* Plaintiff's Non-Opposition to the defendants' Motion for Summary Judgment pending before the United States District Court for the Eastern District of Louisiana wherein plaintiff did not disagree that his claims against the defendants were based in workers compensation. Plaintiff's Non-Opposition Memorandum is attached hereto as Exhibit "E."

[12] The relationship between Stolthaven and Stolt-Nielsen is outlined in detail in their Motion for Summary Judgment attached hereto as Exhibit "F."

[13] Stolthaven's business activities and plant operations where the plaintiff was working were outlined in its Motion for Summary Judgment, which remains pending before the Eastern District of Louisiana. The Supporting Memorandum and Company affidavits, including the verified, authenticated MSA, affirming these facts is attached hereto as Exhibit "F."

[14] *Id.*

of passengers for the public.[15]  Instead, Stolthaven's tracks are used solely to transport the products that it services inside the bulk liquid storage facility at its own plant facility.

15.

Stolthaven does not hold itself out as a railroad nor does it have an ownership interest in another railroad.[16]  Stolt-Nielsen does not own or operate the Facility, and has no employees based at the Facility.[17]  Stolthaven does not move or transport client rail cars across state lines.[18]  PSC Group, LLC has no ownership interest in any railways or rail cars.[19]  It is not a common carrier. It has no railway ownership, nor is it responsible for moving or transporting any rail cars across any state lines.  In short, none of the defendants provide a rail service and contract to provide those services for a member of the public.  The defendants do not perform rail services as part of a system of interstate rail transportation because of common ownership or a contractual relationship with a railroad; nor does their compensation include a fixed charge from a railroad, or a percentage of the profits from a railroad.  FELA has zero application to this plaintiff's employee/employer relationship with defendants and is not applicable.  It has been improperly plead and improperly joined in an effort to shop venue and jurisdiction because of unfavorable results in a separately filed suit that was removed to and remains pending in the United States District Court for the Eastern District of Louisiana.

16.

Defendants further maintain that, in the event the Court finds proper joinder, plaintiff has waived his statutory right to object to the exercise of subject matter jurisdiction by this Court on

---

[15] Affidavit of Stolthaven.  Exhibit "G."
[16] *Id.*
[17] Affidavit of Stolt-Nielsen USA, Inc. Exhibit "H".
[18] *Id.*
[19] Affidavit of PSC Group, LLC attached hereto as Exhibit "I."

the basis that any FELA claim should have been included in his first filed lawsuit, which suit was properly removed to the Eastern District of Louisiana.

17.

Plaintiff filed a cause of action arising out of the same transaction and occurrence and against Stolthaven and Stolt-Nielsen in the 25th Judicial District Court for Plaquemine Parish on or about April 10, 2025, which case was removed to and is currently pending in the United States District Court for the Eastern District of Louisiana.[20]  Plaintiff failed to include all of his causes of action against all parties in the first filed suit as required under Louisiana law, thus, any causes of action that should or could have been brought against the defendants, including a FELA claim, have been effectively waived such that plaintiff is collaterally estopped from raising any such claims in the present suit.[21]  Plaintiff filed a "non-opposition" to the motion for summary judgment filed by Stolthaven and Stolt-Nielsen, which argues that plaintiff's sole cause of action against said defendants is pursuant to the LWCA and further outlines how Stolt-Nielsen is not a proper party to any suit.  As it pertains to PSC Group, LLC, while it was not named as a defendant in *Chenevert I*, it is plaintiff's undisputed employer, not a separate party against whom plaintiff would have a separate cause of action.[22]  The three defendants have been lumped into the same group for purposes of *Chenevert II*.  Thus, plaintiff has no viable legal reasoning for failing to bring all

---

[20] *See* Plaintiff's Petition for Damages filed in the 25th Judicial District Court attached hereto as Exhibit "J."  *See* Notice of Removal, with attached affidavits, filed in the USDC for the Eastern District of Louisiana attached hereto as Exhibit "B."

[21] *See* La. Code Civ. Proc. Art. 425.  Defendants maintain the clear language of Article 425 requires "a party to assert all causes of action arising out of the transaction or occurrence that is the subject matter of the jurisdiction." Although PSC Group, LLC is a "new party" relative to *Chenevert II*, it sits in the same shoes as the Stolt defendants – plaintiff's employer.  Any ruling in favor of the Stolt defendants would inure to the benefit of PSC Group, LLC as there is no other independent cause of action that plaintiff would have against PSC Group, LLC.

[22] *Cf. Carollo v. DOTD*, 2021-01670 (La. 9/9/22), 346 So.3d 751 (holding, in a 5-2 decision, that a separate suit against a separate, new party did not violate La. Code Civ. Proc. Art. 425).

potential causes of action against all defendants, who stand in the same shoes, in his original lawsuit, other than to shop venue and jurisdiction.[23]

18.

Plaintiff's Second suit, *Chenevert II*, outlines plaintiff's injuries resulting from the same transaction or occurrence against, effectively, the same parties contrary to La. Code Civ. Proc. Art. 425.  Any ruling in *Chenevert I* would clearly be *res judicata* as to all parties herein.[24]  Choice of jurisdiction, thus, as to any alleged viable FELA claim has clearly been waived given plaintiff's continued litigation of a separate matter through motion practice and his failure to assert or allege that he is subject to FELA.[25]  Plaintiff failed to bring a FELA claim against the identical parties in *Chenevert I*.  Not only is he precluded from raising this new issue in a separate suit, but he is also now barred from challenging this Court's jurisdiction.  "The rule against claim splitting prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *General Land Off.*, 71 F.4th at 269–70. The rule is based on principles of *res judicata* and "protect[s] the defendant from being harassed by repetitive actions based on the same claim." *Id.* at 270 (quoting *In re Super Van, Inc.*, 92 F.3d 366, 371 (5th

---

[23] In *Chenevert* I, Plaintiff sought to add claims pursuant to the intentional tort exception to the Louisiana Workers Compensation Act.  The Court ruled the Plaintiff had no chance of prevailing on an intentional tort claim exception and refused to allow the plaintiff leave to include such a claim beyond the deadlines set in the Case Management Schedule. *See* Court's Ruling attached hereto as Exhibit "K."

[24] The Fifth Circuit applies a four-part test to determine if claim splitting occurred: "(1) the parties in the current action are the same or in privity with the parties in the prior action; (2) the court that rendered the prior judgment was a court of competent jurisdiction; (3) the prior action terminated with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits" *Armadillo Hotel Group, L.L.C. v. Harris,* 84 F.4th 623 ( 5th Circ. 2023). This test is modified when the prior suit is pending because, by definition, no final judgment from the prior suit exists. *See Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4406 (3d ed.). When an earlier suit is pending, the relevant *res judicata* factors are (1) whether the parties are the same or in privity and (4) whether "the same claim or cause of action" is "involved in both suits." *Oliney*, 771 F.2d at 859.

[25] *See Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir. 1987) (holding subject matter jurisdiction of a claim where State and Federal Courts have concurrent jurisdiction may be waived by a party's failure to address it).

Cir. 1996)).   Defendants maintain that plaintiff's two separate lawsuits against parties in privity is a violation of La. Code Civ. Proc. Art. 425 and the Federal claim splitting doctrine.

19.

For the foregoing reasons, this Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332, as this action is between the citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

20.

This action was commenced against PSC Group, LLC in state court on February 23, 2026, and first formal notice thereof was not received by this defendant prior to March 9, 2026, when PSC Group, LLC was served with a copy of the plaintiff's petition for damages.   Co-defendants, Stolthaven New Orleans, LLC and Stolt-Nielsen USA, Inc. consent to this removal pursuant to the attached Affidavit.  The parties are diverse and the claims joined herein are improperly joined.

21.

A copy of all process, pleadings, and orders served upon defendant are being filed with this notice.

22.

Defendant will give written notice of the filing of this Notice of Removal in accordance with 28 U.S.C. § 1446 (d).

23.

 A copy of this notice will be filed with the Clerk of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as is required by Title 28 U.S.C. § 1446 (d).

24.

Defendant hereby requests a trial by jury.

WHEREFORE, defendant, PSC GROUP, LLC, requests that this action proceed in this Court, as an action properly removed to it.

Baton Rouge, Louisiana, this 8th day of April, 2026.

Respectfully Submitted:

**LONG LAW FIRM, LLP**
1800 City Farm Drive
Building 6
Baton Rouge, LA 70806
Phone: 225.922.5110
Fax:    225.922.5105
Email: vbb@longlaw.com
        scd@longlaw.com
        mlb@longlaw.com
        mld@longlaw.com


BY: _/s/ VALERIE BRIGGS BARGAS_
_VALERIE BRIGGS BARGAS, # 27392_
**SALLIE C. DUPONT, # 33110**
**MARK L. BARBRE, # 30385**
**MADISON L. DIEZ, # 41724**

*Attorneys for PSC Group, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a copy of the above and foregoing *Notice of Removal and Request for Trial by Jury* has been electronically filed on April 8, 2026, with the Clerk of Court using the CM/ECF system.  Notice of this filing will be forwarded to the following attorney via the Court's Electronic Filing System, email, facsimile and/or US Mail:

Mr. Noah M. Wexler
Mr. Cory D. Itkin
Mr. Daniel J. Cassee
ARNOLD & ITKIN
6009 Memorial Drive
Houston, TX 77007
Fax: 713.222.3850
Email: e-service@arnolditkin.com
nwexler@arnolditkin.com
citkin@arnolditkin.com
dcassee@arnolditkin.com
coryteam@arnolditkin.com
*Attorneys for Aaron Chenevert*


Mr. Jason Bone
TAYLOR WELLONS
 POLITZ & DUHE
1555 Poydras Street
Suite 2000
New Orleans, LA  70112
Fax:  504.525.9899
Email:  jbone@twpdlaw.com
*Attorneys for Stolthaven New Orleans,
LLC and Stolt-Nielsen USA, Inc.*

Mr. A. M. "Tony" Clayton
Mr. Michael P. Fruge
Mr. Richard J. Ward, III
Mr. Michael C. Hendry
Ms. Brilliant P. Clayton
Ms. Burgundy C. Hammond
CLAYTON, FRUGE, WARD
  & HENDRY
3741 LA Highway 1 South
Port Allen, LA  70767
Fax:  225.383.7631
Email: tclaytonlaw@aol.com
michaelfruge@claytonfrugelaw.com
rickward3rd@gmail.com
mhendry@claytonfrugelaw.com
bclayton@claytonfrugelaw.com
bhammond@claytonfrugelaw.com
*Attorneys for Aaron Chenevert*


       */s/ VALERIE BRIGGS BARGAS*
**VALERIE BRIGGS BARGAS**